# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROGER JUDGE | : CIVIL ACTION |
| | : |
| vs. | : |
| | : NO. 02-CV-6798 |
| JEFFREY BEARD, Commissioner, | : |
| Pennsylvania Department of | : |
| Corrections, WILLIAM STICKMAN, | : |
| Superintendent of the State | : |
| Correctional Institution at | : |
| Greene, ROBERT W. MEYERS, | : |
| Superintendent of the State | : |
| Correctional Institution at | : |
| Rockview, and MICHAEL FISHER, | : |
| Attorney General of the | : |
| Commonwealth of Pennsylvania | : |

## ORDER

AND NOW, this    28th    day of November, 2012, upon consideration of the Consolidated Petition of Roger Judge for Writ of Habeas Corpus, as amended, and the Respondents' Briefs in Reply thereto, it is hereby ORDERED that the said Consolidated Petition is GRANTED IN PART on the following grounds and for the reasons articulated in the preceding Memorandum Opinion:

1. That Petitioner's trial counsel was ineffective within the meaning of the Sixth Amendment in failing to object to the trial court's statement/supplemental instruction to the jury in response to its question requesting that 'life' be defined in terms or parole or actual incarceration for life, *i.e.* Claim 3 of the Petition.

2. That Petitioner's trial counsel was ineffective within

the meaning of the Sixth Amendment in failing to conduct any investigation at all in preparation for the sentencing portion of Petitioner's trial, *i.e.* Claim 4 of the Petition.

IT IS FURTHER ORDERED that the Court shall conduct a brief evidentiary hearing solely for the purpose of receiving evidence on the issue of the prosecution's use of its peremptory strikes to remove the known African-American and female members of Petitioner's jury panel identified in the above Memorandum Opinion and the prejudice, if any, which may have inured to Petitioner as a consequence of his trial counsel's failure to object thereto. The parties are DIRECTED to contact the undersigned's Deputy Clerk to schedule such hearing which shall in no event take place any later than sixty (60) days from the entry date of this Order.

IT IS STILL FURTHER ORDERED that the execution of the writ of habeas corpus is STAYED until such time as the evidentiary hearing is concluded and this Court has issued a ruling on Petitioner's remaining Strickland claim.

A certificate of appealability shall not issue. 28 U.S.C. §2253.

BY THE COURT:


s/J. Curtis Joyner
J. CURTIS JOYNER,         C.J.